### WYATT LUNSFORD *v.* THE STATE.

APPEAL — ESCAPE — JURISDICTION OF THIS COURT.— If, after conviction, and pending the disposition of his appeal to this court, the accused effects his escape, this court is ousted of jurisdiction of such appeal, and jurisdiction can be re-invested only by the voluntary return and surrender of the accused within ten days.

APPEAL from the District Court of Lampasas. Tried below before the Hon. W. A. BLACKBURN.

*Mathews & Walker*, and *W. E. Adkins*, for the appellant.

*Horace Chilton*, Assistant Attorney General, for the State.

HURT, J. The appellant was convicted of felony, to wit, the theft of cattle, from which judgment he appeals

to this court. Pending his appeal, he made his escape from custody, but was recaptured the same day. The assistant attorney general, being notified of the escape, moves this court to dismiss the appeal. Art. 837, Code Crim. Proc., provides, that "a defendant in any criminal action, upon conviction, has the right of appeal under the rules hereinafter prescribed." One of the rules prescribed is found in art. 845, and is as follows: "In case the defendant, pending an appeal in a felony case, shall make his escape from custody, the jurisdiction of the Court of Appeals no longer attaches in the case, and upon the fact of such escape being made to appear, the court shall, on motion of the attorney general, or attorney representing the State, dismiss the appeal; but the order dismissing the appeal shall be set aside if it shall be made to appear that the accused had voluntarily returned into custody of the officer from whom he escaped, within ten days." This is the first case arising under the Code Crim. Proc., as amended or changed, calling for a construction. We hold, that under this rule prescribing the defendant's right to appeal, the jurisdiction of the Court of Appeals, although having once attached, was lost by the escape; that the jurisdiction of this court ceased to attach upon the escape of the appellant. And in order for it to re-attach, the appellant must voluntarily return into custody within ten days. The State would not be required to wait the expiration of the ten days before making an effort to capture the prisoner, the presumption being that the prisoner, having escaped, would not voluntarily return into custody. Holding that the escape, *ipso facto*, ousted this court of the jurisdiction of the appeal, and that nothing save a voluntary return to custody could re-invest the court with jurisdiction, we conclude that the motion of the assistant attorney general is well taken.

The appeal is therefore dismissed.

*Appeal dismissed.*